LEMMON, Justice,
dissenting.
Respondent kept and presumably used his client’s funds for eight months while avoiding contact by her and turned over the funds only after the client hired another lawyer and reported the matter to the Bar Association. He damaged his client by depriving her of the use of the funds, by preventing her paying extensive medical bills, and by requiring her to undertake the expense of another lawyer to recover the funds. He also clearly lied about the client’s requesting him to keep the funds.
As to mitigation, respondent did have domestic problems, but his problems with creditors were no different from those of other lawyers with financial troubles. Indeed, the possibility of such problems is one of the very reasons for requiring use of a trust account. Moreover, the problem with the Internal Revenue Service is also not a valid mitigating circumstance. Standards for Imposing Lawyer Discipline, § 9.32 (1986).
Respondent should be suspended for at least two years and as much as three years under the guidelines of Louisiana State Bar Association v. Hinrichs, 486 So.2d 116 (La.1986) for violation of DR 9-102.